United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41662
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUSTIN GUERRERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-50-3
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Agustin Guerrero (Guerrero) appeals his convictions for one

count of conspiracy to possess with intent to distribute less

than 50 grams of methamphetamine and marijuana; one count of

possession with intent to distribute less than 50 grams of

methamphetamine; and one count of possession with intent to

distribute marijuana.  Guerrero contends that there is

insufficient evidence to sustain his convictions.  Specifically,

he argues that his conspiracy conviction must be reversed because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was convicted on the testimony of an unreliable federal inmate. He also contends that his two possession convictions must be reversed because the Government failed to present any evidence showing that he constructively possessed either of the alleged controlled substances.

Guerrero did not move for a judgment of acquittal in the trial court. Accordingly, his "challenge to evidence sufficiency is reviewed only for a manifest miscarriage of justice -- the record must be devoid of evidence of guilt or the evidence must be so tenuous that conviction is shocking." United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004).

To the extent that Guerrero challenges sufficiency by attacking the Government's witnesses' credibility, his argument is without merit. See United States v. Polk, 56 F.3d 613, 620 (5th Cir. 1995). Considering all of the evidence presented at trial, the record was not devoid of evidence to prove that Guerrero conspired with Ronnie Robinson, Henry Lloyd Gates, and Sondra Lowe to possess with intent to distribute less than 50 grams of methamphetamine and marijuana. Additionally, the record was not devoid of evidence to sustain Guerrero's convictions for possession with intent to distribute methamphetamine and marijuana. "A defendant, who participates in a conspiracy, may be deemed guilty of a substantive count, such as possession, committed by a co-conspirator in furtherance of the conspiracy." See Pinkerton v. United States, 328 U.S. 640, 645 (1946).

However, proof of the conspiracy alone will not sustain the possession charge unless the jury was given a <u>Pinkerton</u> instruction. <u>See</u> <u>United States v. Basey</u>, 816 F.2d 980, 998 (5th Cir. 1987). The district court gave a <u>Pinkerton</u> instruction. There was evidence presented that Henry Lloyd Gates, a co-conspirator, possessed, in furtherance of the conspiracy, methamphetamine and marijuana. In light of the <u>Pinkerton</u> instruction and in light of the sufficient evidence on the conspiracy count, the evidence is sufficient on the substantive counts. Accordingly, Guerrero's convictions are AFFIRMED.